*Derbigny*, for the plaintiff.

---

## GUIROT vs. GUIROT'S SYNDICS.

A minor, not emancipated, cannot bind himself, unless the contract has turned to his benefit.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff claims from the estate of his mother and curatrix *ad bona* the balance of his estate in her hands, at the time of her failure, and his share of the property of the community, which existed between his father and her.

He had judgment for $6,669, interest and costs, as a privileged debt for the balance in her hands, for one half of the value of a negro woman, and for certain notes proceeding from the sale of a house and lot, belonging to the community. The syndics appealed.

The record shows the following facts.

The insolvent, on the death of her husband, the plaintiff's father, was appointed his curatrix *ad bona*. The property of the community, having been inventoried, remained in her hands, without any adjudication.

The plaintiff was sixteen years old at his
father's death, in December, 1819, and remained with the insolvent from that period till June,
1822, acting as a clerk in her store, his labor being in value equal to his maintainance. He was now sent to the Spanish main with a quantity of goods, invoiced at $3,700, a venture to be sold for the account of his mother and Campandon, with whom she was then in partnership. Soon after, on a dissolution of this partnership, she took these goods on her account. In September, 1822, the plaintiff being still on the Spanish main, she sent him another parcel of goods to be sold for her account, invoiced at $4,400. In February, 1823, she made a cession of her goods.

A mortgage creditor of the community, asked a division of the house and lot, by which he was secured, in order that by the sale of the plaintiff's half, he might be paid the one half for which the latter was bound as heir to his father; when his curator *ad lites* instituted a suit against the syndics for the division of the property of the community, and the payment of the balance due by the insolvent, as curatrix *ad bona*.

The syndics alleged that the plaintiff owed

GUIROT
*vs.*
GUIROT'S SYN-
DICS.

to their insolvent a large sum for sundry advances, and for the price of the goods by him sold, on the Spanish Main, which they contended he had purchased, as appeared by the books of the insolvent.

The plaintiff, being in the meanwhile returned, filed a supplemental petition, stating the goods were in his hands, as the insolvent's agent; that his failure had occasioned their seizure, and the consequent costs had absorbed their value, according to his account, which he annexed to his petition.

We think the district court acted correctly in rejecting the claim of the syndics. There is no legal evidence of a purchase of the goods by the plaintiff. He was incapable of binding himself by a contract, being a minor. *Civil Code,* 264, *art.* 14. It is neither alleged nor proven, that he was emancipated, nor that he derived any benefit by the agency.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Moreau* for the plaintiff, *Morse* for the defendants.